**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAWRENCE ALVIN BULLOCK,
Plaintiff-Appellant,

v.

JAMES A. SMITH,
Defendant-Appellee,                                          No. 95-7869

and

MENTAL HEALTH WARD AT CENTRAL
PRISON,
Defendant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-94-255-5-F)

Submitted: March 29, 1996

Decided: April 30, 1996

Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence Alvin Bullock, Appellant Pro Se. Jane Ray Garvey,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lawrence Bullock appeals the district court's grant of summary judgment for the Defendant on Bullock's 42 U.S.C.§ 1983 (1988) claim. We affirm.

Bullock, a North Carolina prisoner, claims that Defendant James Smith, a physician at Bullock's institution, violated the Due Process Clause, the Eighth Amendment, and prison regulations designed to protect his liberty interest in avoiding forced medication. Our review of the record reveals that the single injection at issue was given to Bullock after he exhibited behavior causing prison medical staff to believe that he posed an imminent threat of danger to himself and others. Further, that same day Bullock was provided with notice that he was being referred to the Involuntary Medication Committee (IMC) to determine whether further involuntary administrations of the drug were warranted. The IMC is an independent, neutral board consisting of three medical professionals. Inmates whose cases are brought before the committee are allowed to present and cross-examine witnesses and are provided personal assistance in the preparation of their presentations.

We find that this procedure, which so closely resembles that which gained Supreme Court approval in Washington v. Harper, 494 U.S. 210 (1990), provides sufficient protection to an inmate's concededly significant liberty interest in avoiding involuntary administration of antipsychotic medication. Bullock makes much of the emergency exception found in the policies which allows for medication prior to a hearing and contends that this violates the rule established in Harper. This assertion demonstrates a misunderstanding of the Supreme Court's holding in Harper. Harper states only that the Washington procedures regarding involuntary medication of prison inmates satisfied the Due Process Clause; it does not mandate that only these procedures provide sufficient procedural protection.

2

Our review of the procedures as a whole leads us to conclude that while a requirement mandating a hearing before any involuntary administration of medication--even an emergency--might provide inmates with an additional modicum of protection, the emergency exception is narrowly drawn and sufficiently structured to reduce the possibility of erroneous deprivation and arbitrary administrations of medication not founded in sound medical judgment. See Harper, 494 U.S. at 221, 228, 231 (explaining this fundamental concern). Further, we find that the burdens such a procedure would place upon the Government and prison officials far outweigh the slight additional protection it would afford the inmates. See Mathews v. Eldridge, 424 U.S. 319 (1976) (providing test for determining the necessity of additional procedural safeguards). Accordingly, we find that the Defendant's order to involuntarily administer antipsychotic medication to Bullock prior to a hearing did not violate the Due Process Clause on these facts.

Further, we find that a single injection of a antipsychotic drug, given nonconsensually to a patient with a history of mental disorders who had refused medication with deleterious effects for over a month, and who was behaving in a manner dangerous to both himself and others, does not offend evolving standards of decency and therefore states no Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 346-47 (1981).

Finally, Bullock argues that the Defendant failed to follow the prison procedures for involuntary medication. Specifically, he points to a regulation which provides that the proposed medication must be "the least intrusive from a therapeutic viewpoint of the possible treatments . . . [for] an involuntary medication order [to] be issued." Bullock, however, failed to present any sworn evidence suggesting that the involuntary medication order was not the least intrusive measure from a "therapeutic viewpoint." The Defendant, in contrast, provided not only his affidavit, but the affidavit of another medical doctor explaining that, in their medical opinions, restraining Bullock without also administering the medication would have "exposed . . . Bullock and staff, and other patients in the mental health unit, to potential risk." Because this was the only sworn evidence on this issue before the court, we find that Bullock failed to demonstrate a genuine issue of fact and that the district court's grant of summary judgment for the

3

Defendant was therefore appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Given these conclusions, we affirm the district court's grant of summary judgment for the Defendant.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*We also deny Bullock's motion for appointment of counsel as he has failed to demonstrate the requisite extraordinary circumstances warranting the appointment. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

4